1  Michael C. Ormsby
   United States Attorney
2  Eastern District of Washington
   Earl A. Hicks
3  Assistant United States Attorney
   Post Office Box 1494
4  Spokane, WA 99210-1494
   Telephone: (509) 353-2767
5

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

OCT 11 2011

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

6           UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF WASHINGTON
7

8  UNITED STATES OF AMERICA,        )
                                    )
9           Plaintiff,              )
                                    )   11-CR-00050-JLQ-2
10      vs.                         )
                                    )   SUPERVISED PRE-TRIAL
11 VONNE RENKERT SCHAFER,           )   DIVERSION AGREEMENT
                                    )
12          Defendant.              )

13

14      Plaintiff United States of America, by and through Michael C. Ormsby,

15 United States Attorney for the Eastern District of Washington, and Earl A. Hicks,

16 Assistant United States Attorney for the Eastern District of Washington, and

17 Defendant VONNE RENKERT SCHAFER, and the Defendant's counsel, Julie A.

18 Twyford, agree to the following Pre-Trial Diversion Agreement. The United States

19 and the Defendant agree that the Court should order sentencing of the Defendant

20 deferred until October 5, 2013, on the charge of:

21      Retaliating Against an Informant, in violation of 18 U.S.C. § 1513(b)(2)

22 The United States and the Defendant further agree that under the terms of this Pre-

23 Trial Diversion Agreement, which shall be supervised by the United States

24 Probation Office. Sentencing and Judgment shall be entered on the above-listed

25 charge if the Defendant violates this Pre-Trial Diversion Agreement. The

26 Defendant further agrees that he will not move to withdraw his guilty plea and

27 agrees to proceed to sentencing should he violate this Pre-Trial Diversion

28 Agreement. If the Defendant successfully completes this Pre-Trial Diversion the

parties agree to allow the Defendant to withdraw his guilty plea. The

Pre-Trial Diversion Agreement - 1
P11005lc.EHB.wpd

United States further agrees that it will dismiss with prejudice this charge, if the Defendant does not violate the terms herein of the Pre-Trial Diversion Agreement.

## FACTUAL BACKGROUND

The United States and the Defendant stipulate and agree that the following facts are accurate; On June 14, 2011 the Defendant entered a plea of guilty to an Indictment filed on March 23, 2011 charging the Defendant with Retaliating Against an Informant in violation of 18 U.S.C. § 1513(b)(2). During the change of plea hearing the Defendant was advised of the charges against him, the possible penalties, his constitutional rights, the elements of the offense and the factual basis for the charges. Prior to the change of plea hearing the Defendant entered into a written plea agreement with the United States, wherein he agreed that the facts outlined in the plea agreement at pages 4 through 8 were accurate as they related to him. The Defendant further indicated that he had no personal knowledge about any of the facts relating to Mr. Wellman and the cooperation of the confidential source in that case. The Defendant further indicated that he did not dispute the facts unless he otherwise indicated in the statement of facts in the plea agreement. Therefore, the Defendant and the United States agree that the Statement of Facts in the plea agreement should be incorporated by reference into this Pre-Trial Diversion Agreement.

After completing an investigation of the offense and the Defendant's background, it appears that the interest of the United States, the Defendant's interests, and the interests of justice will be served by the following procedure:

On the authority of the Attorney General of the United States, by Michael C. Ormsby, United States Attorney for the Eastern District of Washington, further prosecution and sentencing in this District for this offense shall be deferred until October 5, 2013, and thereafter dismissed with prejudice, provided the Defendant abides by the conditions and requirements herein outlined.

## ACCEPTANCE OF PRE-TRIAL DIVERSION AND STIPULATION OF FACTS

In consideration of the above Factual Background, the Defendant hereby:

1. Accepts and agrees to pursue and complete the terms and conditions of this Supervised Pre-Trial Diversion Agreement ("Agreement");

2. Understands that if he fails or neglects to comply with any part of the terms and conditions of the Agreement, then the Court will hold a hearing to determine if the Defendant has violated this Agreement and what sentence and judgment should be entered on the charge of Retaliating Against an Informant.

3. Agrees that if the Court revokes the order granting this pre-trial diversion, the facts from the Factual Background above, which incorporates by reference the Factual Statement in the Plea Agreement, will be admissible as evidence at the sentencing hearing. He understands that by agreeing to this process, he is giving up certain Constitutional rights which have previously been outlined in the Plea Agreement and gone over with him at the time he pled guilty to Retaliating Against an Informant. In addition to those rights the Defendant agrees to waive his right to a Speedy Trial in order to pursue the benefits of this Agreement.

4. Agrees to immediately report any potential violation of the conditions listed below to the United States Attorney's Office for the Eastern District of Washington and the United States Probation Office for the Eastern District of Washington.

## CONDITIONS OF SUPERVISED PRE-TRIAL DIVERSION

The Defendant must abide by the following conditions and requirements in order to receive the benefits of this Agreement.

1. The defendant shall pay restitution in the amount of $113.92 to the victim by October 31, 2011.

2. The defendant shall complete forty hours of community service as directed by the United States Probation Office .

3. The defendant shall not commit another Federal, state, or local crime.

4. The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

5. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

6. The defendant shall support his or her dependents and meet other family responsibilities.

7. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.

8. The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment.

9. The defendant shall refrain from the use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

10. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

11. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

12. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view.

13. The defendant shall notify the probation officer within **72** hours of being arrested or questioned by a law enforcement officer.

14. Upon direction of the probation officer, the defendant shall complete a mental health evaluation and follow any treatment recommendations of the evaluating professional which do not require forced or psychotropic medication and/or inpatient confinement absent further order of the Court. The defendant shall allow reciprocal release of information between the supervising officer and treatment provider. The defendant shall contribute to the cost of treatment according to your ability to pay.

15. Upon the direction of the probation officer, the defendant shall undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare. The defendant shall contribute to the cost of treatment according to your ability to pay. The defendant shall allow full

reciprocal disclosure between the supervising officer and treatment provider.

16. The defendant shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing, as directed by the supervising officer, but no more than six tests per month, in order to confirm continued abstinence from these substances.

19. The defendant shall abstain from alcohol and shall submit to testing (including urinalysis and Breathalyzer), as directed by the supervising officer, but no more than six tests per month, in order to confirm continued abstinence from this substance.

20. The defendant shall have no contact with the victim in person, by letter or other communication devices, audio or visual devices, or through a third party, unless authorized by the supervising officer.

If the Defendant complies with all the obligations agreed to above, the charge of Retaliating Against an Informant will be dismissed with prejudice. However, should there be a violation of the terms of this Agreement and the Agreement is revoked, the Defendant will not be allowed to withdraw his guilty plea to the charge of Retaliating Against an Informant and the Defendant will be sentenced pursuant to the law and the plea agreement previously entered in this matter. The Defendant further acknowledges that pursuant to the plea agreement the United States can change its recommendation to the Court should the Defendant use any controlled substance or be charged or convicted of any new crime. The Defendant understands that any conduct which violates this Agreement can be used to increase his sentence and may subject him to additional criminal charges. The Defendant acknowledges that any sentence imposed based upon a violation of this Agreement may subject him to a sentence which may include up to the maximum punishment allowed by law. The Defendant understands that he will be supervised by the United States Probation Office during the period of deferment.

**ADVICE AND ACKNOWLEDGMENT OF DEFENDANT'S RIGHTS**

I, VONNE RENKERT SCHAFER, understand and acknowledge I have the following rights:

1. The right to be represented by a lawyer at all hearings;
2. The right to a speedy and public trial in the place where the crime is alleged to have been committed;
3. The right to remain silent before and during trial and to not testify against myself, understanding that if I choose to testify any statement I make can be used as evidence against me;
4. The right at trial to question witnesses who testify against me;
5. The right at trial to call witnesses to testify for me;
6. The right to present evidence and a defense;
7. The right to appeal a guilty judgment, after trial, if I have pleaded not guilty;
8. The right to be presumed innocent unless the charge(s) against me are proved beyond a reasonable doubt, or I enter a plea of guilty;
9. That if I proceed to trial and am found guilty, I may seek suspension of some or all of the fines and costs, and incarceration that may be ordered.

By deferring sentencing on these charges I understand I give up my right to (a) a speedy trial, (b) testify, (c) question witnesses, (d) call witnesses, (e) present evidence or a defense. I further understand that by deferring sentencing on these charges I am agreeing to follow the procedures outlined in this Agreement.

I, VONNE RENKERT SCHAFER, hereby state that I and my attorney Julie A. Twyford have read this document in its entirety. That my attorney has answered all my questions and provided me with legal assistance in this matter. I

///
///
///
///
///
///
///

Pre-Trial Diversion Agreement - 6
P11005lc.EHB.wpd

understand the conditions of my pre-trial diversion and agree that I will comply with those conditions.

*[signature]*   10/10/11
VONNE RENKERT SCHAFER   Date
Defendant

*[signature]*   10/10/11
Julie A. Twyford   Date
Attorney for Defendant Schafer

*[signature]*   10-11-11
Earl A. Hicks   Date
Assistant United States Attorney

Pre-Trial Diversion Agreement - 7
P11005lc.EHB.wpd

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>VONNE RENKERT SCHAFER,<br><br>Defendant. | 11-CR-00050-JLQ-2<br><br>SUPERVISED PRE-TRIAL DIVERSION AGREEMENT |

The Court finds the Defendant has agreed to comply with the terms and conditions of the Pre-Trial Diversion Agreement; that the Court finds the Defendant has acknowledged the admissibility of the stipulated facts in any criminal hearing on the underlying offense or offenses held subsequent to revocation of the order granting pre-trial diversion; that the Defendant's statements were made knowingly and voluntarily; and that the Defendant has knowingly and intelligently waived his Constitutional and statutory rights to a speedy trial, to question those witnesses against him, to call witnesses on his behalf, and to present evidence or a defense at trial.

NOW THEREFORE, IT IS HEREBY ORDERED:

1. The Defendant is accepted for pre-trial diversion;
2. The Defendant shall comply with all the terms and conditions as set forth in the Pre-Trial Diversion Agreement;
3. If the Court finds that the Defendant violated any term of the Pre-trial diversion Agreement, the Court shall enter judgment pursuant to the procedures outlines in the agreement.

Pre-Trial Diversion Agreement - 8
P11005lc.EHB.wpd

4. The Defendant shall be supervised by the United States Probation Office during the deferral period.

Dated this 11th day of October, 2011.

*[signature]*

JUSTIN L. QUACKENBUSH
Senior United States District Judge